## Case No. 478.

### ANOWEURTH v. BURLINGIN.

[6 West. Law J. (1848,) 431.]

Circuit Court, D. Illinois.

TAX TITLES IN ILLINOIS — "CLAIM AND COLOR OF TITLE MADE IN GOOD FAITH."

[At law. Action of ejectment by Anoweurth against Burlingin to recover 160 acres of land in Adams county, Ill.] The plaintiff showed good title derived from the United States, and possession by the defendant, and rested his case. The defendant relied upon seven years' possession, the payment of taxes during that time, and a connected title from the auditor of the state on a sale in 1829 for taxes, under the act of 1827; the auditor's deed dated in 1831. Such was his title. The defendant maintains that he is protected by the limitation laws of 1835. If not by that, then he is by the law of 1838-9, "to quiet possession and confirm titles to land." [Judgment for plaintiff.]

Williams & Lawrence, for plaintiff.
Browning & Bushnell, for defendant.

THE COURT decided as to the act of 1835, that possession without title would not avail; that the supreme court of Illinois, in 1837, in the case of Garret v. Higgins, [Garret v.

Wiggins, 1 Scam. 335,] had decided, that the auditor's deed, unaccompanied with proof of the performance of the essential requisites of the law, conveyed no title. Therefore, the defendant is not protected by that law. Also that the law of 1838–39 was unconstitutional and void, because it purports to convey to one man the land of another. The court farther decided, that the auditor's deed, unaccompanied as in the case at the bar by proof that he had performed all the requisites of law authorizing him to sell the land for taxes, conveys no title. Therefore, the defendant is not protected by "claim and color of title made in good faith" in the meaning of the law. The court defined the "claim and color of title made in good faith" under this law, to be such a title as in law would pass the estate prima facie, if a better title be not shown. That it is a question of law, and not depending upon the opinion of the occupant, otherwise the defence would depend upon the capacity of the man to judge; in which case it would protect one and not avail another, who might be more intelligent.

[NOTE. The points determined in this case were originally published in the St. Louis (Mo.) New Era, and reprinted in 6 West. Law J. (1848,) 431. See Arrowsmith v. Burlingim, Case No. 563.]